# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

      Plaintiff,

      -vs-                                  **Case No. 13-C-823**
                                                (Criminal Case No. 08-Cr-190)

**MIGUEL ANGEL DELACRUZ-DEJESUS,**[1]
a/k/a Candelil Rodriguez,

      Movant.

# DECISION AND ORDER

Pro se Movant Miguel Angel Delacruz-DeJesus ("Delacruz") a/k/a Candelil Rodriguez filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1), claiming that his attorney was ineffective prior to plea and at plea proceedings, and as a result his guilty plea was not knowing, voluntary, and informed. Delacruz filed a declaration with his motion, and a second declaration with his reply. (ECF Nos. 2, 6.)

Delacruz's motion is based on the representation provided by Bridget Boyle-Saxton ("Boyle-Saxton") of Boyle, Boyle & Boyle S.C. (the "Boyle firm"). In his reply filings, Delacruz expanded his ineffective assistance of counsel claim to include the representation provided by Gerald P. Boyle ("Boyle").

Liberally construed, Delacruz implicitly requests permission to amend

---

[1] The Court has amended the caption to reflect the Movant's correct name. He continues to use the false name in his filings with the Court.

his ineffective assistance of counsel claim to include the representation provided by both attorneys. "Until a final ruling has been issued, a district court must consider a petitioner's request to amend his § 2255 motion, though the court need not grant the requested amendments." *See Vitrano v. United States,* 643 F.3d 229, 234 (7th Cir. 2011); *see also Rutledge v. United States,* 230 F.3d 1041, 1051 (7th Cir. 2000). The rules governing § 2255 proceedings contain no provision for making amendments, so courts look to Federal Rule of Civil Procedure 15 for guidance by analogy. *See* Sec. 2255 R. 12; *Johnson v. United States,* 196 F.3d 802, 805 (7th Cir. 1999). Rule 15 permits amendments before trial with leave of the court, which "should [be] freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court will consider Delacruz's contentions with respect to both Boyle-Saxton and Boyle.

### *Factual Background*

A federal grand jury returned a one-count indictment charging Delacruz and 15 other individuals with engaging in a conspiracy beginning in January 2005, through July 15, 2008, to distribute and possess with intent to distribute 5 kilograms or more of cocaine, 50 grams or more of cocaine base, and one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. (Mot. Vacate, Set Aside, or Correct Sent. ("Mot.") 1-2.) (ECF No. 1.)

Delacruz was represented by court-appointed counsel Daniel D.

Resheter, Jr. as of July 29, 2008. (08-Cr-190, ECF No. 49.) On January 29, 2009, Boyle-Saxton filed a notice of appearance indicating that she, as a member of the Boyle firm, had been retained to represent Delacruz in the action. (08-Cr-190, ECF No. 101.)

A signed plea agreement was filed by Delacruz (*see* 08-Cr-190, ECF No. 255), in which he admitted that he was guilty of the charged offense; "he fully underst[ood] the charge contained in the indictment;" that the government possessed "sufficient, admissible evidence" to meet its burden of proving the crime beyond a reasonable doubt; and that the charge and the terms and conditions of the plea agreement had been fully explained to him by his attorney. (Plea Agreement, 1, 4.) According to the agreement, Delacruz discussed the relevant statutes as well as the sentencing guidelines with his attorney, the parties discussed all the sentencing guidelines they believed applicable to the offense, and the defendant's attorney had *"discussed the applicable sentencing guidelines provisions with him to [his] satisfaction."* (*Id.* at 4, 5.) (Emphasis added.) In particular, the plea agreement states that the charge "carries a mandatory minimum of ten years of imprisonment." (*Id.* at 3.) There is a one-page waiver provision setting forth the rights Delacruz waived by entering into the plea agreement, including his right to a jury or a court trial. (*Id.* at 10.) The closing portion of the plea agreement states that the defendant is pleading guilty because he is in fact guilty and that no

- 3 -

threats were made to induce him to plead guilty. (*Id.* at 14.) The final page of the plea agreement includes the following:

> **ACKNOWLEDGMENTS**
>
> I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.
>
> Date: 8/12/10
>
> CANDELIL RODRIGUEZ
> Defendant
>
> I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.
>
> Date: 8/12/10
>
> BRIDGET BOYLE
> Attorney for Defendant
> Gerald P. Boyle
>
> For the United States of America:
>
> Date: 8/12/10
>
> JAMES L. SANTELLE
> United States Attorney
>
> Date: 8-12-10
>
> MARIO F. GONZALES
> Assistant United States Attorney
>
> 15

Delacruz and Boyle appeared before this Court for the change of plea hearing (s*ee* 08-Cr-190, ECF Nos. 256, 379), during which Delacruz was questioned about his understanding of the rights he was giving up, including his right to a jury or court trial and the fact that if he went to trial, the government would be required to prove each element of the charged offense beyond a reasonable doubt. (Plea Tr. 5-6.) As part of the plea colloquy, the Court asked Delacruz, who was under oath, if he had been threatened, been made any promises, or was otherwise forced to sign the plea agreement. Delacruz replied "No, sir." (*Id.* at 6.) Upon questioning, Delacruz also indicated that he was satisfied with the way Boyle-Saxton and Boyle had handled his case. (*Id.* at 7.) The Court also asked Delacruz whether he had any questions of Boyle, anything that he wanted to take up with Boyle concerning his guilty plea, or "anything at all about the process?" Delacruz responded, "No, it's fine." (*Id.*)

Boyle appeared at the sentencing hearing on Delacruz's behalf. (08-Cr-190, ECF Nos. 302, 378.) Boyle stated that two days before the hearing, with the aid of an interpreter, he and Delacruz went over the presentence report "line-by-line, every word." (Sentencing Tr. 3.) He also stated that he had told Delacruz:

> [I]f he was unhappy with me, I could tell Judge Randa that very day that he wanted a new lawyer. He told me he did not want a new lawyer. That he

> was satisfied with what I had done. So that ended that matter. And what he is doing is not unique to others that I have represented that just prior to sentencing there's a lot of you should have done this, you should have done that. There is nothing, nothing in the world that I could have done better than what I've done, and my daughter has done, for [Delacruz].

(*Id.* at 5.) He explained that Delacruz took issue with the four-point enhancement for being a leader, organizer, or manager; and with the enhancement for obstruction of justice based on his use of a false name. (*Id.* at 5-8.) The Court imposed a sentence of 174 months of imprisonment to be followed by five years of supervised release.

Boyle-Saxton filed a timely notice of appeal,[2] asserting that the Court misused its discretion in imposing Delacruz's sentence. (08-Cr-190, ECF No. 305.) Boyle-Saxton did not prosecute the appeal. (Mot. 2.) The abandonment of her client, combined with the fact that she had ignored three orders issued by the Seventh Circuit Court of Appeals, resulted in her disbarment by that court. *See In re Boyle-Saxton,* 668 F.3d 471, 473 (7th Cir. 2012).

Subsequently, Delacruz filed a motion under 28 U.S.C. § 2255. The Court granted that motion to the extent that Delacruz's conviction was

---

[2] Delacruz's assertion to the contrary in his motion (Mot. 2), is incorrect. Under Federal Rule of Appellate Procedure 4(b)(1)(A), Delacruz's notice of appeal had to be filed within 14 days of the later of the entry of either the judgment or the order appealed from. Delacruz was sentenced on March 4, 2011, and judgment was entered on March 8, 2011. (08-Cr-190, ECF Nos. 302, 303.) The notice of appeal was filed on March 14, 2011. (08-Cr-190, ECF No. 306.)

vacated and reinstated in its entirety for the sole purpose of restarting the time for appeal. *See United States v. Delacruz*, Case Nos. 12-C-310, 08-Cr-190, 2012 WL 3150312, at *2 (E.D. Wis. July 31, 2012).

An appeal was filed, and counsel was appointed to represent Delacruz on appeal. *See United States v. Delacruz-DeJesus*, 501 Fed. Appx. 585, 586 (7th Cir. 2013). Appointed counsel did not identify a potentially meritorious issue to pursue on appeal and, pursuant to *Anders v. California,* 386 U.S. 738 (1967), moved to withdraw. *Id.* Delacruz did not file a response to the motion. *Id.*

The Court of Appeals granted counsel's motion to withdraw and dismissed the appeal. *Id* at 587. In its decision, the appellate court considered whether Delacruz could raise a meritorious challenge to the voluntariness of the plea or the adequacy of the plea colloquy and agreed that he could not. *Id* at 586. Thereafter, Delacruz filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## *Analysis*

Delacruz contends that he did not receive effective assistance of counsel before and during the plea process, at sentencing, and on appeal. The problems related to the prosecution of Delacruz's first appeal, when Boyle-Saxton was counsel of record, were remedied by *Delacruz,* 2012 WL 3150312, at *2, which granted Delacruz's § 2255 motion so that the time for his appeal

was restarted, and the subsequent proceedings in *Delacruz-DeJesus*, 501 Fed. Appx. at 585.

In order to succeed on his claim regarding ineffective assistance of trial counsel, Delacruz must satisfy the two-prong test set out in *Strickland v. Washington,* 466 U.S. 668, 687 (1984), which requires that he show (1) counsel's performance was deficient; and (2) the deficient performance was prejudicial to the outcome of the case. *Id*. Unless the movant makes both showings, the ineffective counsel claim has not been established. *Id*. Delacruz is challenging the validity of his guilty plea. In order to establish the prejudice prong of the test, he must "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland,* 466 U.S. at 694.

In reviewing an ineffective assistance of counsel claim, the Court should be "highly deferential." *Id*. at 689; *see also United States ex rel. Simmons v. Gramley*, 915 F.2d 1128, 1133 (7th Cir. 1990). There is a strong presumption that counsel's conduct fell within the "wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *see also United States v. Muehlbauer*, 892 F.2d 664, 668 (7th Cir. 1990). To overcome this presumption, a defendant must point to specific acts or omissions that fall outside the range

of acceptable attorney conduct. *Coleman v. United States*, 318 F.3d 754, 758 (7th Cir. 2003) (citation omitted).

In the declaration filed with his petition, Delacruz avers that prior to his guilty plea Boyle-Saxton (1) never indicated to him that she had investigated the government's case against him, (2) never discussed any possible option other than pleading guilty, and (3) never discussed or offered him the option of going to trial. He also states that "[f]rom the beginning of her representation of [him], she demanded that the case be settled by plea," and made it plain when he objected that "she would abandon her representation of [him] if [he] did not plead." (Delacruz Decl.) He further avers that she refused to "entertain or articulate the objections [he] had to the plea agreement;" she did not explain the possible penalty enhancements that the Court could consider or the standard that the Court would apply to use them; and but for Boyle-Saxton's "insistence and behavior" he would not have pled guilty because there were several issues he felt he was not responsible for. (*Id.*) In his petition, Delacruz states that Boyle-Saxton threatened him with "dire consequences" if he failed to accept the plea agreement. (Mot. 6.)

In the declaration filed with his reply, Delacruz avers Boyle told him that if he pled guilty and signed the plea agreement, he would receive a prison sentence of about seven years; that he did not understand the consequences of the plea agreement when he signed it; that his answers to the Court were

what Boyle told him to say; and that even with the interpreter he did not understand the consequences of the plea or the comments Boyle made to him.

Delacruz emphasizes the Seventh Circuit's decision to disbar Boyle-Saxton as evidence of her deficient performance. However, Boyle-Saxton's disbarment does not establish that her representation of Delacruz was ineffective. *See Berkey v. United States*, 318 F.3d 768, 772 (7th Cir. 2003). Delacruz must still satisfy the *Strickland* test. *See id*.

Delacruz's current averments contradict his signed plea agreement and his responses under oath at the change of plea hearing. Statements made by a defendant at a plea hearing are evidence of a knowing and voluntary waiver. *United States v. Ellison*, 835 F.2d 687, 693 (7th Cir. 1987); *see also United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999); *United States v. Coonce,* 961 F.2d 1268, 1276 (7th Cir. 1992); *Taylor v. United States*, Case Nos. 11-CV-11, 08-Cr-88, 2012 WL 266966, *2 (N.D. Ind. Jan. 30, 2012). A defendant seeking to withdraw his plea on grounds of non-voluntariness faces a "heavy burden of persuasion." *Ellison*, 835 F.2d at 693.

If Delacruz's averments are true, Boyle-Saxton's conduct is outside the range of professional attorney conduct. Boyle's prediction of a seven-year sentence would also be incorrect, given the fact that the charges against Delacruz had a statutory mandatory minimum sentence of ten years. But even assuming that counsel was ineffective, Delacruz must demonstrate that he

was prejudiced by the conduct.

Delacruz has failed to show that but for the conduct of Boyle-Saxton and/or Boyle he would not have pled guilty. While Delacruz asserts that he would have proceeded to trial instead of entering a guilty plea, this alone is not sufficient to establish prejudice. *Bethel v. United States*, 458 F.3d 711, 718 (7th Cir. 2006); *Berkey*, 318 F.3d at 772. To show prejudice Delacruz must "establish through objective evidence" that there is a reasonable probability that he would have gone to trial. *Berkey*, 318 F.3d at 773. Objective evidence includes the nature of the misinformation provided by the attorney to the movant and the history of plea negotiations. *Hutchings v. United States,* 618 F.3d 693, 697 (7th Cir. 2010). Delacruz has not proffered sufficient objective evidence to establish a reasonable probability that he would have gone to trial, or to warrant an evidentiary hearing. *See id.* at 697-700.

Delacruz's statements during the plea colloquy undermine his contention that he would have instead gone to trial. As part of the plea colloquy, Delacruz, who was under oath, responded "no" when the Court asked whether he had been threatened, made any promises, or was otherwise forced to sign the plea agreement. Delacruz also indicated that he was satisfied with the representation he had received.

Delacruz asserts that he answered as he did during the plea colloquy because he was told to do so by his attorney. The Court of Appeals has held

that this type of explanation, without more, is not sufficient to rebut the presumption of truth accorded to statements made by defendants at plea colloquies. *Id.* at 699; *United States v. Henry*, 933 F.2d 553, 561 (7th Cir. 1991). Delacruz explicitly affirmed that he understood the rights he was giving up by pleading guilty and the minimum and maximum sentences he could receive, and that he was entering the plea freely and of his own accord. Based on this, and his failure to establish that he would have gone to trial in lieu of pleading guilty, Delacruz has not established that he was prejudiced by the conduct of counsel—either alone or in combination. Therefore, his motion for relief pursuant to § 2255 is denied.

## Certificate of Appealability

When the Court enters a final judgment against a movant, it must also issue or deny a certificate of appealability. Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Court. Delacruz's petition does not evince a "substantial showing" that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). Accordingly, the Court will not issue a certificate of appealability.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Delacruz's motion under 28 U.S.C. § 2255 (ECF No. 1) is **DENIED**;

The Court **DECLINES TO ISSUE** a certificate of appealability; and

The Clerk of Court is **DIRECTED TO ENTER JUDGMENT** accordingly.

Dated at Milwaukee, Wisconsin, this 1st day of May, 2015.

                                      **BY THE COURT:**

                                      _/s/ Rudolph T. Randa_
                                      **HON. RUDOLPH T. RANDA**
                                      **U.S. District Judge**